IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ALICE L. GEORGE, as Trustee for the Burton O. George
Revocable Trust; and FIRST NATIONAL BANK OF
NORTH ARKANSAS, Custodian of the Alice George
Individual Retirement Account formerly known as The
Burton O. George Individual Retirement Account                                              PLAINTIFFS

v.                                         Case No. 3:13-CV-03058

ALBERT M. DAVIS, Individually and as Founder and
President of Chase Medical, Inc., CEO and President of
CMI Holding Company, Inc., Chairman of Chase Medical
Technologies, LP, Chairman of Chase Medical Technologies,
Inc., CEO of PHI Health, LP, and PHI Health, Inc.; DAVID
M. HERNON, Individually and as CEO of PHI Health, Inc.,
and Vice President and Secretary of CMI Holding Company,
Inc.; SURESH REDDY, Individually and as Vice President of
CMI Holding Company, Inc., and Chief Technology Officer
of PHI Health, Inc.; TEX WOOTERS, Individually and as
CEO of Chase Medical, Inc.; DAVID TAYCE, Individually
and as Senior Director of Finance and Controller of Chase
Medical, LP and Senior Director of Finance of PHI Health, LP,
CMO Holding Company, Inc.; CHASE MEDICAL, INC.;
CHASE MEDICAL TECHNOLOGIES, INC.; CHASE
MEDICAL TECHNOLOGIES, LP; PHI HEALTH, INC. d/b/a
PHI Med Products, Inc.; PHI HEALTH, LP; JOHN DOES 1-25;
and CMI HOLDING COMPANY, INC.                                                               DEFENDANTS

**ORDER**

Plaintiffs brought this action alleging various causes of action against both the individuals names as Defendants ("individual Defendants") and the business entities named as Defendants ("business Defendants"). While the individual Defendants have appeared and responded to Plaintiffs' complaint, the business Defendants have failed to appear. The Clerk entered default (Doc. 41) against the business Defendants on September 6, 2013. Currently before the Court are Plaintiffs' motions for default judgment (Docs. 23, 25, 27, 29, 31, and 33) against each business

-1-

Defendant, each accompanied by a supporting brief. The Court held a hearing on Plaintiffs' motions on September 26, 2013. Plaintiffs' counsel was present and presented testimony as to damages. Counsel for certain individual Defendants was also present.

"Upon default, the factual allegations of a Complaint (except those relating to the amount of damages) are taken as true." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Therefore, the Court views the facts in this case as set forth in Plaintiffs' complaint (Doc. 1), in regard to the defaulting business Defendants, as true as a consequence of the business Defendants' default. Taking Plaintiffs' allegations as true, and upon review of the record, the Court finds that the business Defendants have defaulted and that Plaintiffs are entitled to a default judgment against those Defendants. The testimony presented by Plaintiffs, as well as the facts of the complaint, support the following findings of the Court:

- Plaintiff Alice L. George, as trustee for the Trust, is entitled to a default judgment in the amount of $123,375 against Chase Medical, Inc., for principal and unpaid interest owed on a bond issued by Chase Medical, Inc. to the Trust.

- Plaintiff First National Bank of North Arkansas, as custodian of the Alice George Individual Retirement Account formerly known as the Burton O. George Individual Retirement Account, is entitled to a default judgment in the amount of $123,375 against Chase Medical, Inc., for principal and unpaid interest owed on a bond issued by Chase Medical, Inc. to the IRA.

- Plaintiff Alice L. George, as trustee for the Trust, is entitled to a default judgment in the amount of $1,302,490.77 against CMI Holding Company, Inc. for principal and unpaid interest owed on three notes issued by CMI Holding Company, Inc. to the Trust.

Although Plaintiffs may be entitled to additional damages from the defaulting business Defendants, any additional damages are not readily ascertainable at this time. As such, the Court may issue an

amended judgment upon proof that Plaintiffs are entitled to additional damages.

The Court THEREFORE ORDERS that Plaintiffs' motions for default judgment (Docs. 23, 25, 27, 29, 31, and 33) are GRANTED as to liability and, in part, as to damages insofar as Plaintiffs have substantiated the damages set forth above.

The Court will enter a Judgment against Chase Medical, Inc. and CMI Holding Company, Inc. in the amounts set forth above upon proof by Plaintiffs that this Court can properly exercise jurisdiction over this matter given the concerns raised by the Court at the motion hearing. If the Court ultimately finds that it cannot exercise jurisdiction over this matter, this order will be null for lack of jurisdiction and will have no effect.

While the Court finds that Plaintiffs are also entitled to default judgments against the remaining business defendants as to liability, the Court will reserve entering judgments against those remaining business defendants pending an additional hearing or presentation of evidence as to damages.

IT IS SO ORDERED this 1st day of October, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE