IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ALICE L. GEORGE, INDIVIDUALLY          PLAINTIFFS
AND AS TRUSTEE FOR THE BURTON
O. GEORGE REVOCABLE TRUST;

FIRST NATIONAL BANK OF NORTH
ARKANSAS, CUSTODIAN OF THE
ALICE GEORGE INDIVIDUAL
RETIREMENT ACCOUNT F/K/A THE
BURTON O. GEORGE INDIVIDUAL
RETIREMENT ACCOUNT

v.          CASE NO. 13—3058—PKH

ALBERT M. DAVIS, INDIVIDUALLY          DEFENDANTS
AND AS FOUNDER, ORGANIZER,
OFFICER, DIRECTOR, MEMBER,
GENERAL PARTNER, LIMITED
PARTNER, AND AGENT OF SOME, IF
NOT ALL, DEFENDANT ENTITIES
NAMED HEREIN;

DAVID M. HERNON, INDIVIDUALLY
AND AS FOUNDER, ORGANIZER,
OFFICER, DIRECTOR, MEMBER,
GENERAL PARTNER, LIMITED
PARTNER, AND AGENT OF SOME, IF
NOT ALL, DEFENDANT ENTITIES
NAMED HEREIN;

SURESH REDDY, INDIVIDUALLY AND
AS FOUNDER, ORGANIZER, OFFICER,
DIRECTOR, MEMBER, GENERAL
PARTNER, LIMITED PARTNER, AND
AGENT OF SOME, IF NOT ALL,
DEFENDANT ENTITIES NAMED HEREIN;

TEX WOOTERS, INDIVIDUALLY AND AS
CHIEF FINANCIAL OFFICER OF CHASE
MEDICAL, INC.;

DAVID TAYCE, INDIVIDUALLY AND AS
FOUNDER, ORGANIZER, OFFICER,
DIRECTOR, MEMBER, GENERAL
PARTNER, LIMITED PARTNER, AND
AGENT OF SOME, IF NOT ALL,
DEFENDANT ENTITIES NAMED HEREIN;

CMI HOLDING COMPANY, INC. F/K/A
CHASE MEDICAL, INC. AND F/K/A
AXIOM MEDICAL TECHNOLOGY, INC.;

CHASE MEDICAL, INC.;

CHASE MEDICAL TECHNOLOGIES, INC.;

CHASE MEDICAL TECHNOLOGIES, LP;

PHI HEALTH, INC. D/B/A PHI MED
PRODUCTS, INC.;

PHI HEALTH, LP;

XENOTI, INC.

iHEART, LLC;

LUX IMAGING SYSTEMS, LLC;

CARDIOM, LLC;

MENTIS, LLC A/K/A MENTIS
IMAGING, LLC;

METROPLEX IMAGING, L.P. A/K/A
iHEART CARDIAC & VASCULAR
IMAGING CENTER;

METROPLEX IMAGING, G.P., LLC;

KDL MEDICAL, INC. D/B/A CHASE
MEDICAL;

LBDS HOLDING COMPANY, LLC;

2

1208135-v1

MITTA SURESH;

VEENA ANUMALA REDDY;

DONALD HERNON;

TEASLA PARTNERS, LP;

JOHN DOE DEFENDANTS NOS. 1-25

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### I. INTRODUCTION

The Court should dismiss plaintiffs' first amended complaint because subject-matter jurisdiction is lacking and because plaintiffs failed to join an indispensable party. As shown below, plaintiffs' first amended complaint does not state a justiciable federal claim and plaintiffs have not met their burden to establish complete diversity.

### II. RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their initial complaint in this matter on May 22, 2013 (ECF Doc. No. 1), naming eleven individuals/business entities as defendants, as well as twenty-five unnamed "John Doe" defendants. On February 14, 2014, plaintiffs filed their motion for leave to file an amended complaint to include additional facts and add thirteen additional parties.[1] *See* ECF Doc. No. 59. Defendants objected to

---

[1] The following defendants are included in plaintiffs' first amended complaint: Albert M. Davis, David M. Hernon, Suresh Reddy, Tex Wooters, David Tayce, Chase Medical, Inc., Chase Medical Technologies, Inc., Chase Medical Technologies, LP, PHI Health, LP d/b/a PHI Med Products, Inc., PHI Health, LP, and CMI Holding Company, Inc. Xenonti, Inc., iHeart, LLC, Lux Imaging Systems, LLC, Cardiom, LLC, Mentis, LLC a/k/a iHeart Cardiac & Vascular Imaging Center, Metroplex Imaging, G.P., LLC, KDL Medical, Inc. d/b/a/ Chase Medical, LBDS Holding Company, LLC, Mitta Suresh, Veena Anumala Reddy, Donald Hernon, Teasla Partners, LP, and John Doe Defendants Nos. 1–25.

3

plaintiffs' motion for leave to amend the complaint, noting that plaintiffs had not established complete diversity of the parties. *See* ECF Doc. Nos. 75 and 76. The Court agreed that plaintiffs had not established diversity jurisdiction over the original named defendant but found that plaintiffs were alleging the existence of a federal question through their civil RICO allegations. *See* ECF Doc. No. 79. Leave was granted on March 7, 2014 and plaintiffs filed their first amended complaint on March 10, 2014. *See* ECF Doc. No. 82. Plaintiffs' first amended complaint asserts claims against thirteen new parties and twenty-five John Does.

### III. ARGUMENT

#### A. Plaintiffs' RICO claims should be dismissed for failure to state a claim upon which relief can be granted.

Plaintiffs' first amended complaint alleges defendants have violated the Racketeer Influenced and Corrupt Organizations Act (RICO), codified at 18 U.S.C. §§ 1961 to 1964. *See* ECF Doc No. 82 at ¶¶ 182–92. Plaintiffs' RICO allegations, however, fail to state a claim upon which relief can be granted for two reasons: (1) plaintiff's RICO allegations consistent of general, conclusory statements that fail to satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement for fraud claims; and, (2) Plaintiffs' RICO claims are predicated upon securities fraud, which is not permitted under RICO unless there has been a criminal conviction. Therefore, plaintiffs' RICO claims should be dismissed for failure to state a claim upon which relief can be granted in accord with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### *1. Plaintiff's RICO claims should be dismissed because they are general, conclusory statements that fail to satisfy the particularity requirement of Rule 9(b) of the Federal Rule of Civil Procedure*

The RICO Act prohibits the following activities:

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code [18 USCS § 2], to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.

(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962.

Plaintiffs' first amended complaint appears to implicate subsections (a), (c), and (d). RICO, however, "does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term,

5

1208135-v1

habitual criminal activity." *Crest Const. II, Inc. v. Doe*, 660 F. 3d 346, 353 (8th Cir. 2011). Additionally, "threadbare recitations of the elements of a RICO claim, supported by mere conclusory statements, do not suffice." *Id.* at 357.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). *See also Doe*, 660 F. 3d at 353 (8th Cir. 2011) ("A RICO claim must be pleaded with particularity under Rule 9(b)); *Nitro Distributing, Inc. v. Alticor, Inc.*, 565 F. 3d 417, 428–29 (8th Cir. 2009) (same). "In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Doe*, 660 F.3d at 353.

Pursuant to this inquiry, plaintiffs' RICO claims do not even satisfy the initial question – who committed the purported activity. Paragraph 183 of the first amended complaint vaguely alleges: "The Davis Defendants both through some, if not all, of the Defendant Entities" purportedly "engaged in an enterprise intended to manipulate Arkansas investors." *See* First Amended Complaint (ECF Doc. No. 82) ¶ 183. Plaintiffs' RICO allegations are also deficient based on their inclusion of twenty-five unknown "John Does" as participants in the alleged RICO violations. Because plaintiffs do not identify with particularity who violated RICO, the claim should be dismissed. *Doe*, 660 F.3d at 353.

The allegations that follow state, in a conclusory fashion, that "the Davis Defendants" conspired to violate Section 1962(a) and (c). *See id.* at ¶¶ 187–88. Plaintiffs do not identify any particular facts to support this assertion. "To state a

6

claim for conspiracy to violate the RICO statute, the Plaintiff must plead facts showing the existence of an 'enterprise'; that defendant was associated with or employed by the enterprise; and that the defendant 'objectively manifested an agreement to participate . . . in the affairs of [the] enterprise.'" *Pennino v. Selig*, 258 F. Supp. 2d 914, 925 (W.D. Ark. 2003) (citing *United States v. Darden*, 70 F.3d 1507 (8th Cir. 1995)). Once again, plaintiffs boilerplate allegations of a conspiracy – "agreeing to use or invest income received from the Plaintiffs, through a pattern of racketeering activity, to acquire an interest in, or to establish or operate enterprises, including some, if not all, of the Defendants Entities, which are engaged in, or the activities of which affects, interstate commerce" – fail to satisfy Rule 9(b)'s particularity requirement. *See Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 399 (7th Cir. 2009) (affirming dismissal of RICO claims where complaint merely restated the elements of Section 1962(a) in "boilerplate fashion"). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

In short, plaintiffs' first amended complaint does not state which defendants were involved and what specifically they did that constituted either a pattern of racketeering activity or a conspiracy to violate the RICO Act. As aptly stated by the Eighth Circuit when affirming a RICO dismissal in *Doe*:

> In their complaint, Plaintiffs merely suggest that at indefinite times, in nondescript ways, and for unidentified purposes, some, but not all

7

> Defendants provided On Time Auto with funds or services. The allegations omit some of the named Defendants altogether. Due to the vagueness of these allegations, it is unclear whether the business relationships between On Time Auto and the named Defendants differed from Plaintiffs' business relationships with On Time Auto. While the complaint is awash in phrases such as "ongoing scheme," "pattern of racketeering," and "participation in a fraudulent scheme," without more, such phrases are insufficient to form the basis of a RICO claim.

*Doe*, 660 F.3d at 353.

Here, plaintiffs' RICO allegations are vague, unclear and conclusory. The allegations are insufficient to support a claim that defendants were engaged in organized, long-term, habitual criminal activity. Plaintiffs' RICO claim should be dismissed because they do not satisfy the particularity requirements of Rule 9(b) of the Federal Rule of Civil Procedure.

### 2. *Plaintiffs' RICO claims should be dismissed because they are predicated upon securities fraud, which is prohibited by RICO*

"In 1995, Congress amended the RICO statute to eliminate securities fraud as a predicate act upon which to base a RICO claim." *Swartz v. KPMG, LLC*, 401 F. Supp. 2d 1146, 1151 (W.D. Wash. 2004). "The purpose of the bar was to prevent litigants from using artful pleading to boot-strap securities fraud cases into RICO cases." *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 651 F.3d 268, 274 (2d Cir. 2011) (internal quotation marks omitted). Therefore, "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962." 18 U.S.C. § 1964(c).

Although statutory prohibition against using securities fraud as the predicate act for a RICO claim "does not apply to an action against any person that is

criminally convicted in connection with the fraud," none of the defendants in this matter have been criminally convicted (or charged) and plaintiffs do not allege that any such convictions exist.

The statutory prohibition against using securities fraud as the predicate act for a RICO claim is applicable notwithstanding a plaintiff's attempt to plead the matter as a fraud other than securities. *See, e.g., Swartz*, 401 F. Supp. 2d at 1151 (mail fraud and wire fraud). "The exclusion applies even if the RICO plaintiff could not have asserted the securities fraud claim himself." *Id.* (citing *Howard v. America Online Inc.*, 208 F.3d 741, 749–50 (9th Cir. 2000), *cert. denied*, 531 U.S. 828 (2000)).

Here, plaintiffs' RICO allegations are predicated upon securities fraud:

> Mr. Davis approached Burton "Burt" George . . . about becoming an investor in CMI. The two reached an agreement, and over the course of the next several years . . . conducted a series of transactions . . . including but not limited to . . . [issuing capitalization bonds and common stock].
>
> . . .
>
> The Davis Defendants . . . were engaged in an enterprise intended to manipulate Arkansas investors into contributing funds for improper purposes to their Texas based endeavors.

*See* Plaintiffs' First Amended Complaint (ECF Doc. No. 82), at ¶¶ 34, 184.

Stocks and bonds are "securities." 15 U.S.C. § 78c(a)(10) ("The term 'security' means any note, <u>stock</u>, treasury stock, security future, security-based swap, <u>bond</u>, debenture, [etc.]") (emphasis added).

Actions for "fraud in the purchase or sale of securities" are controlled by section 10b of the Securities Exchange Act of 1934. *See, e.g., Arrington v. Merrill*

1208135-v1

*Lynch, Pierce, Fenner & Smith, Inc.*, 651 F.2d 615, 619 (9th Cir. 1981) ("When there is a sale of a security and fraud 'touches' the sale, there is redress under section 10(b)."). "[T]he term 'security' under §10(b) covers a wide range of financial products beyond those traded on national exchanges." *Chadbourne & Parke LLP v. Troice*, 134 S. Ct. 1058, ___ U.S. ___ (2014). *See also Great Rivers Coop. v. Farmland Indus.*, 198 F.3d 685, 699 (8th Cir. 1999)

"The touchstone [of a security] is the presence of an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others." *Great Rivers Coop. v. Farmland Indus.*, 198 F.3d 685, 699 (8th Cir. 1999). In other words, plaintiffs' allegations that defendants purportedly sold fraudulent capitalization bonds and fraudulently issued common stock to plaintiffs clearly invoke allegations of securities fraud.[2]

Because plaintiffs' RICO allegations are necessarily predicated upon "conduct that would have been actionable as fraud in the purchase or sale of securities," and no defendant has been criminally convicted for such conduct,[3] the RICO claims should be dismissed. 18 U.S.C. § 1964(c); *Popp Telecom, Inc. v. Am. Sharecom, Inc.*, 361 F.3d 482, 487–88 (8th Cir. 2004).

### B. Plaintiffs have not established complete diversity.

"[F]ederal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff." *Walker by Walker v.*

---

[2] The exhibits attached to plaintiffs' first amended complaint consist primarily of bonds, bond related instruments, stock warrant agreements, note and warrant agreements, shares of common stock and similar investment documents.

[3] Defendants expressly deny any allegations that their conduct was fraudulent.

*Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). "This is a burden that plaintiffs desiring to invoke diversity jurisdiction have assumed since the days of Chief Justice Marshall." *Id.* at 162. (Rejecting plaintiff's argument "that finding out the defendants' citizenship would be more trouble than they should be expected to take."). This burden requires that plaintiffs establish "with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loans Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).

However, as noted by this Court's Order of March 7, plaintiffs had not established complete diversity of the parties. *See* ECF Doc. Do. 79 at p. 4 ("Plaintiffs' allegations are insufficient to adequately plead diversity of citizenship."). This problem persists. In several places in the amended complaint, plaintiffs assert residency upon belief, including in connection with the allegations against twenty-five "John Doe" defendants. "[T]he naming of John Does as parties to an action causes federal courts not to have diversity jurisdiction unless it can be shown with some certainty that they are all residents of another state." *Eckert v. Lane*, 678 F. Supp. 773, 775 (W.D. Ark. 1988) (citing 14 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3642). Out of state residency has not been shown. In short, plaintiffs' first amended complaint does not establish complete diversity of the parties.

### C. Plaintiffs' first amended complaint should be dismissed for failure to join an indispensable party

An "indispensable party" is one whose interests are so bound up in the subject-matter of the litigation and the relief sought that the court cannot proceed

11

without them, or proceed to a final judgment without affecting their interests. *See e.g., Division 525, Order of Ry. Conductors of America v. Gorman*, 133 F.2d 273 (8th Cir. 1943).

In paragraphs 68 through 144 of the first amended complaint plaintiffs discuss Eureka Group, LLC ("Eureka Group"), which is an Arkansas company, and assert that it was formed to "unlawfully shift assets and hide assets from investors." *See* First Amended Complaint (ECF Doc. No. 82) ¶ 68. Plaintiffs allege that accounts owned by Eureka Group handled the $1,843,283.65 in funds that form the subject matter of this action. *Id.* at ¶ 69. Plaintiffs further allege that the payments made by Eureka Group went to many of the named defendants and, indeed, these payments from Eureka Group form the basis for plaintiffs' claims against all of the thirteen newly added defendants. *Id.* at ¶¶ 71-143. In paragraph 144, plaintiffs assert that these allegedly improper payments continue to be made "through present day." *Id.* at ¶ 144. Eureka Group is implicated and intertwined throughout the first amended complaint.

Consequently, plaintiffs' first amended complaint puts the many defendants to this action, as well as the Eureka Group, at risk of inconsistent and/or contrary judgments. Eureka Group is an indispensable party because its interests are so bound up in the subject matter of the litigation and the relief sought that the Court cannot proceed without it, or proceed to a final judgment without affecting its interests. *See e.g., Division 525, Order of Ry. Conductors of America v. Gorman*, 133 F.2d 273, 276 (8th Cir. 1943).

12

Plaintiffs' first amended complaint should be dismissed because it fails to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

Plaintiffs have not stated a proper federal claim, and complete diversity has not been established. This Court is without subject-matter jurisdiction and plaintiffs' first amended complaint should be dismissed in its entirety pursuant to Rule 12(b)(1). The first amended complaint should also be dismissed for failure to join an indispensable party under Rule 19.

Based on the foregoing, defendants Albert M. Davis, David M. Hernon, Suresh Reddy, and David Tayce respectfully request that the Court dismiss plaintiffs' first amended complaint.

WRIGHT, LINDSEY & JENNINGS LLP
3333 Pinnacle Hills Parkway – Suite 510
Rogers, Arkansas 72758
(479) 986-0888
FAX: (469) 986-8932
E-MAIL: eberger@wlj.com
             ccoleman@wlj.com

By   /s/ Eric Berger
   Charles T. Coleman (80030)
   Eric Berger (2004210)
   *Attorneys for separate defendants Albert M. Davis, David M. Hernon, Suresh Reddy and David Tayce*

1208135-v1

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Russell C. Atchley
Todd Wooten
Ashley Welch Hudson
KUTAK ROCK LLP
234 East Millsap Road, Suite 400
Fayetteville, Arkansas 72703
(479) 973-4200 – telephone
russell.atchley@kutakrock.com
todd.wooten@kutakrock.com
ashley.hudson@kutakrock.com

Mr. Tex Wooter, Pro Se
2537 Vellano Ln
Edmond, OK 75234C
Twooters1122@att.net

                                         /s/ Eric Berger
                                         Eric Berger

1208135-v1