IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ALICE L. GEORGE, et. al.                                                    PLAINTIFFS

v.                              NO. 3:13-CV-03058-PKH

ALBERT M. DAVIS, et. al.                                                    DEFENDANTS

**MOTION TO STRIKE KDL'S MOTION TO DISMISS AND, ALTERNATIVELY, RESPONSE TO SEPARATE DEFENDANT KDL MEDICAL, INC.'S MOTION TO DISMISS**

COME NOW the Plaintiffs, and for their Motion to Strike KDL's Motion to Dismiss, and Alternatively, Response to the Motion to Dismiss filed by the Separate Defendant KDL Medical, Inc.("KDL") state the following to-wit:

Motion to Strike

1.    KDL was added as a party to this litigation and served with plaintiffs' second amended complaint on October 17, 2014.  Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i) its answer was due November 6, 2014, or within twenty-one (21) days of service.

2.    KDL did not file its answer or any other pleading within the requisite time period. Instead, it waited an additional eighteen (18) days to file its motion to dismiss [Dkt. 142-1]. To date, KDL has still not filed an answer to the second amended complaint.

3.    While Fed. R. Civ. P. 6(b) authorizes this Court to accept a late filing where the failure to timely file is the result of "excusable neglect," Rule 6(b)(1)(B) requires that, once the time to file has expired, such an extension may only be granted upon motion of the late filing party.  KDL failed to file a motion with the Court requesting additional time to answer or otherwise plead prior to filing its motion to dismiss.  Thus, its motion should be stricken.

4.      Plaintiffs rely additionally upon their brief in support of the motion to strike, file contemporaneously and incorporated herein by reference.

Response to KDL's Motion to Dismiss

5.      If the Court is not inclined to grant plaintiffs' motion to strike, plaintiffs offer the following response to KDL's motion to dismiss (the "motion").

6.      Plaintiffs deny the allegations contained in paragraph 1 of KDL's motion.

7.      Plaintiffs deny the allegations contained in paragraph 2 of KDL's motion.

8.      Plaintiffs are without sufficient information to admit or deny the allegations contained in paragraph 3 of KDL's motion and so deny the same.

9.      Plaintiffs deny the allegations contained in paragraph 4 of KDL's motion. Pleading affirmatively, KDL, as one of the identifiable "Chase entities"[1] is alleged to have conducted a number of activities within the State of Arkansas, including activities directed toward perpetuating Albert Davis's fraud against plaintiffs and other Arkansas residents.

10.     Plaintiffs admit that they bear the burden of substantiating personal jurisdiction, but state affirmatively that they need only make a prima facie showing of personal jurisdiction over KDL at this point. *Digi–Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). Pleading further, plaintiffs state that the Court must view the evidence in the light most favorable to the plaintiffs and resolves all factual conflicts in the plaintiffs' favor. *Id*.

11.     Plaintiffs deny the allegations contained in paragraph 6 of KDL's motion.

12.     Plaintiffs deny the allegations contained in paragraph 7 of KDL's motion, and specifically deny that KDL is entitled to dismissal since this Court has personal jurisdiction over it.

---

[1] The "Chase entities" identified in the second amended complaint are KDL a/k/a Chase Medical, a/k/a Cardiom Medical, CMI Holding Company, Inc., Chase Medical, Inc., Chase Medical Technologies, Inc., Phi Health, Inc. d/b/a Phi Med Products, Inc., and Xenonti, Inc. Second Amended Complaint, ¶ 19.

13. Plaintiffs admit that KDL filed its brief in support of its motion to dismiss.

14. A brief in support of Plaintiffs' response is being filed contemporaneously and is incorporated herein by reference. Plaintiffs also expressly rely upon the facts and claims made against KDL (including those made against it as a "Chase entity") in their Second Amended Complaint. Plaintiffs have also attached and incorporated the following exhibits into its response:

- Ex. A, Texas Certificate of Formation;
- Ex. B, Texas Secretary of State Public Information Report;
- Ex. C, Eureka Group, LLC documents, Arkansas Secretary of State; and
- Ex. D., Phi Health, Inc. Stock Options List.

WHEREFORE Plaintiffs respectfully pray that Defendant's Motion to Dismiss be denied, for their costs and attorney's fees incurred herein, and for all other relief to which they may be entitled.

**KUTAK ROCK LLP**

Respectfully submitted,

BY:   /s/ Ashley Welch Hudson
ASHLEY HUDSON, Esq. (AR 2007136)
**KUTAK ROCK LLP**
124 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201
(501) 975-3000 Telephone
(501) 975-3001 Facsimile
ashley.hudson@kutakrock.com

and

RUSSELL ATCHLEY, Esq. (AR 82077)
KYLE T. UNSER, Esq. (AR 2007133)
**KUTAK ROCK LLP**
234 East Milsap Road, Suite 400
Fayetteville, Arkansas 72703
(479) 973-4200 Telephone
(479) 973-0007 Fax
russell.atchley@kutak.rock.com
kyle.unser@kutakrock.com

*Attorneys for Plaintiffs*
*Alice L. George, Individually*
*and as Trustee For The*
*Burton O. George Revocable Trust; And*
*First National Bank Of North Arkansas, Custodian*
*of The Alice George Individual Retirement Account*
*f/k/a The Burton O. George Individual Retirement*
*Account*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of December, 2014, a true and correct copy of the above and foregoing document was electronically transmitted to the Clerk of the Court using the CM/ECF System for filing which gives automatic notice to any counsel registered with the Court for this particular case and that a copy was mailed via U.S. Mail and emailed to all *Pro Se* Defendants and counsel not registered with the Court.

Stephen B. Niswanger
Centre Place Building
212 Center Street, 11$_{th}$ Floor
Little Rock, AR 72201
steve@niswangerlawfirm.com

Jeremy T. Brown
1909 Woodall Rodgers, Ste. 500
Dallas, TX 75201
jbrown@milbyfirm.com

Erik P. Danielson
Danielson Law Firm, PLLC
2195 N. College Ave.
Fayetteville, AR 72703
erik.danielson@danielsonlawfirm.com

Tex Wooters, *Pro Se*
2537 Vellano Ln
Edmond, OK 75234C

Donald Hernon, *Pro Se*
33 Murphy's Way
Lyman, ME 04002

Suresh Reddy, *Pro Se*
885 E. Collins Blvd.
Suite 110
Richardson, TX 75081

David Tayce, *Pro Se*
885 E. Collins Blvd.
Suite 110
Richardson, TX 75080

Jason H. Wales
Amy C. Martin
Everett, Wales & Comstock
P.O. Box 8370
Fayetteville, AR 72703

                                 */s/  Ashley Welch Hudson*