IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ALICE L. GEORGE, individually and as Trustee for the
Burton O. George Revocable Trust; and FIRST NATIONAL
BANK OF NORTH ARKANSAS, custodian of the Alice
George Individual Retirement Account formerly known as
the Burton O. George Individual Retirement Account                                    PLAINTIFFS

v.                                    Case No. 3:13-CV-03058

ALBERT M. DAVIS, individually and as founder, organizer,
officer, director, member, general partner, limited partner, and
agent of some, if not all, defendant entities; DAVID M.
HERNON, individually and as founder, organizer, officer,
director, member, general partner, limited partner, and agent
of all defendant entities; SURESH REDDY, individually and
as founder, organizer, officer, director, member, general partner,
limited partner, and agent of some, if not all, defendant entities;
TEX WOOTERS, individually and as CFO of Chase Medical,
Inc.; DAVID TAYCE, individually and as founder, organizer,
officer, director, member, general partner, limited partner, and
agent of some, if not all, defendant entities; CHASE MEDICAL,
INC.; CHASE MEDICAL TECHNOLOGIES, INC.; CHASE
MEDICAL TECHNOLOGIES, LP; PHI HEALTH, INC. d/b/a
PHI Med Products, Inc.; PHI HEALTH, LP; CMI HOLDING
COMPANY, INC.; DONALD HERNON; LBDS HOLDING
COMPANY, LLC; IHEART, LLC; MITTA SURESH;
METROPLEX IMAGING, L.P.; TEASLA PARTNERS, LP;
LUX IMAGING SYSTEMS, LLC; KDL MEDICAL, INC.
d/b/a Chase Medical; CARDIOM, LLC; XENONTI, INC.;
METROPLEX IMAGING, G.P., LLC; MENTIS, LLC; VEENA
ANUMALA REDDY; and JOHN DOES 1-25                                                    DEFENDANTS

**OPINION AND ORDER**

Before the Court are Defendant KDL Medical, Inc.'s ("KDL") motion to dismiss (Doc. 141), Plaintiffs' motion to strike KDL's motion to dismiss (Doc. 145) and motion for a default judgment as to KDL (Doc. 143), and the parties' supporting documents. For the following reasons, the Court finds that KDL's motion to dismiss (Doc. 141) should be GRANTED, and

1

Plaintiffs' motion to strike (Doc. 145) and motion for a default judgment (Doc. 143) should be DENIED.

## I.    Motion to Strike

Plaintiffs served KDL with their second amended complaint on October 17, 2014. KDL subsequently failed to respond within twenty one days as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i). However, on November 24, 2014—eighteen days after its answer was due—KDL filed its motion to dismiss for lack of personal jurisdiction. Plaintiffs responded by filing a motion to strike KDL's motion to dismiss, which included, alternatively, a response to KDL's motion to dismiss. Plaintiffs then filed a motion for default judgment based on KDL's late motion to dismiss and failure to file an answer.

As a threshold matter, the Court notes that motions to strike are only properly directed to material contained in pleadings. Fed. R. Civ. P. 12(f) ("The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). The Federal Rules of Civil Procedure define pleadings as (1) a complaint; (2) an answer; (3) a reply to a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; and (6) a third party answer. Fed. R. Civ. P. 7(a). "No other paper will be considered a pleading except those specifically named in Rule 7(a)." *Chisholm v. Dodge*, 2014 WL 1618559, at *1 (E.D. Mo. April 22, 2014) (quoting 2 James W. Moore, et al., Moore's Federal Practice § 7.02(1)(b) (3rd ed. 2010)). "Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." *Id.* Because Plaintiffs do not direct the instant motion to strike (Doc. 145) toward any pleading, the Court finds that it should be DENIED as procedurally improper. The Court has, however, considered Plaintiffs' arguments contained in the motion to strike as a response to KDL's motion to dismiss.

## II. Motion to Dismiss

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *K-V Pharmaceutical Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011) (citing *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). "For the purposes of a prima facie showing, the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). "The Plaintiff bears the burden of proving facts supporting personal jurisdiction." *Wells Dairy, Inc. v. Food Movers Int'l., Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (citing *Dever*, 380 F.3d at 1073). "Although the evidentiary showing required at the prima facie stage is minimal, the showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion." *K-V Pharmaceutical Co.*, 648 F.3d at 592 (quotation omitted).

"Personal jurisdiction in a diversity case exists 'only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause.'" *Id.* (quoting *Dever*, 380 F.3d at 1072). Arkansas's long-arm statute provides for personal jurisdiction over a defendant "to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code. Ann. § 16-4-101. "Due process requires 'minimum contacts' between [a] non-resident defendant and the forum state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980)).

There are two ways in which the due process clause may be satisfied such that minimum contacts between the defendant and the forum state are established: (1) specific jurisdiction and (2) general jurisdiction. Specific jurisdiction arises when a defendant purposefully directs its activities at the forum state, and the lawsuit "relates to" or "arises from" those activities. *Johnson v. Arden*, 614 F.3d 785, 794–95 (8th Cir. 2010). The Court must determine whether the defendant "purposely availed" itself to the benefits and protections of the forum state such that he should anticipate being subject to the jurisdiction in the forum state. *Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & co., KG*, 646 F.3d 589, 594 (8th Cir. 2011). General jurisdiction, on the other hand, refers to the power of a court to hear a lawsuit against a defendant who has "continuous and systematic" contacts with the forum state, regardless of where the cause of action actually arose. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984).

KDL argues that Plaintiffs have presented no evidence showing that it has contacts with Arkansas and that its mere affiliation with co-defendants is not sufficient to subject it to this Court's jurisdiction. Plaintiffs argue that they have alleged sufficient facts to show that personal jurisdiction over KDL is proper due to KDL's contacts with Arkansas as a "Chase entity,"[1] as well as KDL's admitted sales to Arkansas customers. Specifically, Plaintiffs rely on the allegations in their second amended complaint that KDL and the other Chase entities operated as the alter egos of the Davis defendants,[2] that Albert Davis was acting on behalf of KDL and the other entities when he made false statements to Plaintiffs, that KDL and the other Chase entities were established by the Davis Defendants in order to perpetrate the fraud on Plaintiffs, and that KDL and the other

---

[1] The Chase entities include CMI Holding Co., Inc., Chase Medical, Inc., Chase Medical Technologies, Inc., Phi Health, Inc., Xenonti, Inc., and KDL.
[2] The Davis defendants include Albert Davis, Tex Wooters, David Hernon, Suresh Reddy, and David Tayce.

4

Chase entities were sufficiently undercapitalized so as to render their use of the corporate shield unconscionable. Plaintiffs also point to KDL's acknowledgement that it made at least one sale to a customer in Little Rock, Arkansas in 2014. Even after giving Plaintiffs their due deference, the Court finds that Plaintiffs have failed to prove sufficient facts supporting a prima facie showing of personal jurisdiction over KDL in any respect.

First, Plaintiffs have failed to meet their burden to show that jurisdiction over KDL is proper due to its contacts with Arkansas as a Chase entity. Plaintiffs' arguments are premised on an alter ego theory, but are supported primarily by legal conclusions, affidavits showing some affiliation between Albert Davis and KDL, and generalized arguments that all of the defendants are interrelated. As explained more thoroughly in the Court's previous order (Doc. 156), to succeed on an alter ego theory the Plaintiffs must make a prima facie showing (1) that this Court could properly assert jurisdiction over a co-defendant whose contacts should be attributed to KDL and (2) that KDL's corporate form should be disregarded under the relevant state law for veil-piercing because of its connection to that party.[3] *Epps v. Stewart Info. Services Corp.*, 327 F.3d 642, 649 (8th Cir. 2003). The first prong of that analysis may be satisfied due to the Court having specific personal jurisdiction over Albert Davis.[4] For the second prong, while the Court is again faced with a choice of law analysis as to which state's law applies for veil-piercing—Texas's, KDL's state of incorporation or Arkansas's—Plaintiffs fail to provide sufficient evidence to make a prima facie showing that KDL's corporate form should be disregarded under either state's law. Both Texas and Arkansas law rely on some showing that the corporation was used as a sham by an individual or that the corporate form was illegally abused by an individual to injure a third party.

---

[3] The Court also noted in its previous order that a choice of law issue exists regarding which state's veil-piercing law applies.

[4] Davis admitted in paragraph 32 of his answer (Doc. 109) that he traveled to Arkansas to meet with Mr. Burton George and discuss transactions related to this case.

*Bell Oil & Gas Co. v. Allied Chem. Corp.*, 431 S.W.2d 336, 340 (Tex. 1968); *Epps*, 327 F.3d at 649 (citing *Rounds & Porter Lumber Co. v. Burns*, 225 S.W.2d 1, 2 (Ark. 1949)). The exhibits submitted by Plaintiffs show that Albert Davis has been affiliated with KDL. The exhibits also show that Davis's sister, who is not a party to this litigation, was involved with KDL and another of the Chase entities, and that KDL once shared the same fictitious name ("Cardiom Medical, Inc.") as Eureka Group, LLC—the now nonexistent entity alleged to have been used by Davis to fraudulently distribute his assets to the Chase entities. These affiliations, however, fall short of a prima facie showing that KDL's corporate form should be wholly disregarded, and the Court is unable to otherwise draw any reasonable inference in Plaintiffs' favor.

Second, Plaintiffs arguments for general personal jurisdiction over KDL consist of citations to case law and a generalization that KDL's sales to Arkansas residents consisted of more than a single sale in 2014. Such conjecture is insufficient to make a prima facie showing that KDL's contacts rise to the level of "continuous and systematic," and the Court is therefore unwilling to find that Plaintiffs have met their burden to make a prima facie showing that KDL is subject to general personal jurisdiction in Arkansas.

### III.    Motion for Default Judgment

Lack of personal jurisdiction constitutes good cause to set aside a default judgment once it has been entered, as a judgment entered without jurisdiction is void. *Arden*, 614 F.3d at 798–99. Because the Court has found that it cannot exercise personal jurisdiction over KDL, any judgment entered by the Court as to KDL would be void. The Court will not enter a void judgment. Plaintiffs' motion for default judgment is therefore DENIED. For the same reason, arguments regarding the untimeliness of KDL's motion are moot, as the Court would in any event have to

address the arguments as to personal jurisdiction raised therein even if they were raised after entry of judgment.

## IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' motion to strike (Doc. 145) is DENIED.

IT IS FURTHER ORDERED that KDL Medical, Inc.'s motion to dismiss for lack of personal jurisdiction (Doc. 141) is GRANTED.  Plaintiffs' claims against KDL Medical, Inc. are hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs' motion for default judgment (Doc. 143) as to KDL is DENIED.

IT IS SO ORDERED this 4th day of February, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE